UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | 09-CR-6030(CJS) |
| v. | DEFENSE MEMORANDUM REGARDING RESTITUTION |
| JASON E. TUTTY, | |
| **Defendant.** | |

On May 6, 2009, the Marsh Law Firm contacted the U.S. Attorney's Office by letter. The letter and its enclosures were received by the Court under seal and the Court ordered that the materials described shall not be disclosed. *See* Docket Item 21. Mr. Tutty files this memorandum in opposition to the Court ordering restitution. This memorandum also responds to the Government's Memorandum Regarding Restitution. *See* Docket Item 22.[1] As set forth below, the Court should not order Jason E. Tutty to make restitution.

## BACKGROUND

Jason Tutty entered into an agreement with the government and pled guilty to one count of knowingly receiving child pornography in violation of 18 U.S.C. §

---

[1] The government has filed this *identical* memorandum in other cases in this District and in other Districts. *See, e.g.,* Government's Memorandum Regarding Restitution, United States v. Fry, No. 08-CR-320-A (W.D.N.Y. May 21, 2009) (Docket Item 27); Government's Memorandum Regarding Restitution, United States v. Hesketh, No. 08-CR-165(WWE) (D.Ct. Jan. 5, 2009) (Docket Item 46).

2252A(a)(2)(A) (*see* Docket Item 14). The Court ordered the preparation of a Presentence Investigation Report [hereinafter PSR] after Mr. Tutty's plea was entered, and scheduled the case for sentencing. Mr. Tutty did not agree to make restitution, and the plea agreement is silent on the issue of restitution. According to the Department of Probation, restitution "is not an issue." *See* PSR ¶ 61.

The ordinary meaning of "restitution" is "restoring someone to a position he occupied before a particular event." *See Hughey v. United States*, 495 U.S. 411, 416 (1990). Federal Court has no inherent power to order restitution; restitution may only be ordered to the extent authorized by statute. *See United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006). "The burden demonstrating the amount of loss sustained by a victim as a result of an offense shall be on the attorney for the government." *See* 18 U.S.C. § 3664(e).

Restitution in criminal cases can be had where identification of victims and losses are straight forward and clear; however, Congress also sought to guarantee that the sentencing phases of a criminal trial do not become a forum for the determination of facts and issues *better suited to civil proceedings*. *See Reifler*, 446 F.3d at 136-37 (emphasis by the Second Circuit).

## ARGUMENT

### Introduction

Jason E. Tutty is a receiver of child pornography. Mr. Tutty engaged in no actual physical conduct regarding any of the children whose images he received. Thus, the Court should not order restitution based on the following multi-point argument: first, the government has not taken a position on the issue of restitution and defaulted on its statutory obligations; second, there is no authority in the Second Circuit or any other Circuit Court that has considered the issue that allows or requires restitution to be ordered for offenses involving sexual exploitation of children unless the defendant actually participated in the sexual exploitation of a child; third, the text of 18 U.S.C. § 2259 only allows restitution for losses suffered as a proximate result of the offense; fourth, there is no showing that Congress intended restitution under 18 U.S.C. § 2259 to be any broader than 18 U.S.C. § 3663A; and fifth, any loss suffered by Marsh Law Firm's client was not as a proximate result of Mr. Tutty's offense.

### I. Procedural Default by the Government

Notwithstanding the clear procedures for seeking restitution pursuant to § 3664(a) -(d) and Rule 32(c), the government has not made a request for restitution or submitted information in support of its claim for restitution. Furthermore, the

3

Government's Memorandum Regarding Restitution states that the government is not taking a position on a restitution claim.

The government has not assisted the U.S. Probation Department in support of their obligation to investigate any claim for restitution. The burden of establishing the amount of loss is on the attorney for the government. *See* 18 U.S.C. § 3664(e). *See also United States v. Graham*, 73 F.3d 352, 356 (3rd Cir. 1995) noting that the government has the burden of demonstrating by a preponderance of the evidence the amount of the loss sustained by the victim. Again, according to the Probation Department restitution is not an issue.

The procedure for issuing an order of restitution, pursuant to § 2259 or § 3663A, is governed by 18 U.S.C. § 3664. The Probation Department is required:

> to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim . . . and information relating to the economic circumstances of each defendant. If the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this requirement clearly impracticable, the probation officer shall so inform the court.

AO 72A
(Rev. 8/82)

> upon request of the probation officer, but not later than thirty days prior to the date initially set for sentencing, the attorney for the government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of amounts subject to restitution.

*See* § 3664(a) and (d)(1).

The Probation Department is allowed additional time to ascertain the amount of an identified victim's losses:

> if the victim's losses are not ascertainable by the date that is ten days prior to sentencing, the attorney for the government or probation officer shall so inform the court, and the court shall set a date for final determination of the victim's losses, not to exceed 90 days after sentencing.

*See* § 3664(d)(5).

The Court should not issue a restitution order in light of the government's failure to comply with the procedural requirements for requesting restitution, failure to take a position on restitution and the statement by the Probation Department that restitution is not an issue.

## II. No Authority Exists in the Circuit Courts of Appeal for Restitution to be Ordered for Receivers of Child Pornography

There are no reported cases in the Second Circuit Court of Appeals where restitution was ordered to be paid by a defendant convicted of knowingly receiving child pornography. The only case tangentially related to this issue is *United States v.*

5

*Searle*, 65 Fed.Appx. 343 (2d Cir. 2003).  In *Searle*, the panel issued a summary order that lacks any precedential value.  *See* FED.R.APP.P. 32.1(a)(ii) (permitting a court to prohibit citation of judicial opinions, orders, judgment, and other written dispositions issued before January 1, 2007); 2d Cir. L.R. 32.1(b) (indicating that, "rulings by summary order do not have precedential effect").  The main point to take from *Searle* is that the case should not be cited as precedential authority.  There is no published authority in the Second Circuit.

Also, the facts in *Searle* are significantly different from the facts in Mr. Tutty's case.[2]  The defendant in *Searle* was convicted of producing of child pornography, along with receipt of child pornography.  65 Fed.Appx. 344-345.  The defendant in *Searle* was ordered to pay restitution because the district court found that defendant's actions proximately caused the children's loss of their home and father.  Thus, the Court approved the restitution for a vehicle to transport the children and for remodeling a front porch to provide a bedroom for one of the children.  *Id*. at 345.

---

[2]*Searle* is cited in the Government's Memorandum, thus, occasioning the defense response.  The government's apparent global position is that it is not bound by rules of procedure; just as it failed to follow the procedures for restitution, it now fails to follow the rule that "[t]his summary order will not be published in the federal reporter and may not be cited as precedential authority to this or any other court."

Accordingly, there is no Second Circuit authority supporting the proposition that restitution is mandatory for a receiver of child pornography.

All other Circuit Courts of Appeal that have considered the issue of restitution have found that § 2259 has a requirement that the restitution be for losses suffered by the victim as a proximate result of the offense.  There is no authority in any Court of Appeals that a receiver or possessor of child pornography must pay restitution to an individual whose image he received or possessed.

In the Ninth Circuit, the leading case is *United States v. Lancy*, 189 F.3d 954 (9th Cir. 1999).  The panel in *Lancy* concluded that "[s]ection 2259 therefore requires a causal connection between the offense of conviction and the victim's harm." *See id*. at 965.  The panel concluded that there was a causal connection between the offense of conviction and the victim's harm because the defendant was convicted of conspiracy and a co-conspirator is vicariously liable for reasonably foreseeable substantive crimes committed by a co-conspirator in furtherance of the conspiracy.  *Id*.  In *United States v. Doe*, 488 F.3d 1154 (9th Cir. 2007), a Ninth Circuit panel again addressed the issue of restitution.  The panel in *Doe* reaffirmed the holding in *Lancy*.  An important factor in upholding *Lancy* was the fact that the defendant in *Doe* agreed to make full restitution to the victims of his crimes.  Thus,

there is no authority in the Ninth Circuit that an end user of child pornography is subject to an order of restitution.

The Third Circuit, in *United States v. Crandon*, 173 F.3d 122 (3d Cir. 1999), also held that restitution was warranted when there was a showing of proximate cause. In *Crandon*, the district court concluded, by a preponderance of the evidence, that Crandon's conduct was the proximate cause of the victim's losses. *See id*. at 126. Crandon had direct contact with the victim; he engaged in sexual relations with a 14 year old girl and had the photos displayed by a film company. *Id*. The proximate cause was established by a letter from a licensed social worker that the defendant's contact with the victim was "a significant contributing factor in the girl's worsening depression and suicide ideation." *Id*.

The Tenth Circuit, in *United States v. Julian*, 242 F.3d 1254 (10th Cir. 2001), held that a district court was authorized, under § 2259, to order a defendant to pay for counseling and treatment costs incurred by the victim. In *Julian*, the plea agreement specifically referenced restitution under § 2259, as did the PSR. Julian committed multiple acts of child sexual abuse and exploitation over a period of many years. When defendant's crimes were finally discovered the victims were taken into state custody where they commenced counseling. *Id* at 46. The defendant in *Julian*

pled guilty to conspiracy and production of child pornography. Again, proximate cause would be established by the conspiracy and production of child pornography convictions because the offense related to a particular child.

The Seventh Circuit in *United States v. Dancer*, 270 F.3d 451 (7th Cir. 2001), addressed the issue of restitution under § 2259. The panel approvingly cited both *Julian* and *Lancy*, and held that restitution can be ordered if restitution can be determined within a reasonable degree of certainty. *See Dancer* at 455. The defendant in *Dancer* was convicted of three felony counts associated with his *improper sexual conduct with his minor daughter*. Again, proximate cause would be established by the conviction of the defendant for *improper sexual conduct with his minor daughter*.

Thus, the only time a Circuit Court of Appeals has ordered restitution in a child pornography case is where the defendant sexually abused the child. There is no authority for restitution where the defendant, similar to Mr. Tutty, just received or possessed an image of child pornography.

9

### III.  Text of Section 2259

The text of § 2259 contains a definition for the term "full amount of the victim's losses."  The definition includes any costs incurred upon the victim for –

(A) medical services related to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and childcare expenses;

(D) lost income;

(E) attorney's fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.

*See* § 2259(b)(3)(A) - (F).  Thus, the term "full amount of the victim's losses" starts with "medical services," goes through "any other losses" and ends with the modifier "suffered by the victim as a proximate result of the offense."  The modifier "suffered by the victim as a proximate result of the offense" applies to (A) - (F).

In sum, the statutory text is clear in that it provides for restitution only for losses suffered by the victim as a proximate result of the offense.

AO 72A
(Rev. 8/82)

## IV. Congressional Intent and Restitution

Restitution is available in criminal cases pursuant to 18 U.S.C. § 2259 and 18 U.S.C. § 3663A. Section 3664, the procedural section for 3663A, is broader than § 2259 and contains more procedural requirements. However, it would be a mistake to argue, as does the Government's Memorandum, that the procedural requirements of § 3664 allow a court to take into consideration the financial status of a defendant. Section 3664(f)(1) states as follows:

> (A) In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court without consideration of the economic circumstances of the defendant.
>
> (B) In no case shall the fact that a victim has received or is entitled to receive compensation with the respect to a loss from insurance or other source be considered in determining the amount of restitution.

*See* § 3664(f)(1)(A) & (B). Section 2259 does not contain a provision directing the court to impose restitution without consideration of the economic circumstances of the defendant.

### V.  No Loss is Established by Lawyer Marsh's Letter

The only "submission" on the issue of loss is a letter from the Marsh Law Firm dated May 16, 2009 and addressed to Ms. Kim Pettit, Victim Witness Specialist, United States Attorney's Office, 100 State Street, Rochester, New York.  The letter is signed by James R. Marsh an attorney who purports to represent a child whose photograph was viewed by Jason Tutty in the course of his offense.  The letter is replete with dramatic quotations and excessive claims of loss by Mr. Marsh's client.  Based on the following argument, the Court should not issue an order of restitution.

#### A.  No Restitution Order From the District of Connecticut

The second paragraph of Lawyer Marsh's letter states: "on February 23, 2009 a Federal District Court Judge in Connecticut awarded [his client] restitution in a criminal child pornography receipt and distribution case."  Counsel has reviewed the docket sheet in *United States v. Hesketh*, 08-CR-165, U.S.D.C. Conn. (New Haven).  The docket sheet notes that a restitution hearing was held on February 23, 2009 and that the hearing took one hour and ten minutes.  *See* Ex. A, Criminal Docket for 08-CR-165.  Contrary to the claim in Lawyer Marsh's letter there is no mention of a restitution order by the court.[3]

---

[3] The defense reserves the right to file a Supplemental Memorandum to address any issues that may arise if the Court in *Hesketh* issues a restitution order.

### B. <u>Lack of Reliability in Lawyer Marsh's Letter</u>

The letter from Lawyer Marsh is not under oath nor are any of the statements from his client or experts. Remember, the letter is inaccurate in its description of the leading case cited in support of its claim for restitution. Without sworn statements there is no reason to believe that Lawyer Marsh's client suffered as described. Furthermore, there is no reason to believe that the monetary estimates are what they purport to be.

### C. <u>No Proof that Lawyer Marsh's Client is Contained in the Images Received by Jason Tutty</u>

Lawyer Marsh's letter assumes that his client was a person found on the images received by Jason Tutty. Mr. Tutty does not concede this fact and it needs to be established by the government. The burden of proof is not beyond a reasonable doubt, but rather a preponderance of the evidence. *See United States v. Miller*, 419 F.3d 791, 792-3 (8th Cir. 2005). Lawyer Marsh's speculation does not establish a preponderance of the evidence. The government has taken no position regarding this issue, or any other issue.

### D. <u>A "Victim" is Only Entitled to Damages which are the Proximate Result of the Offense</u>

Even assuming that Lawyer Marsh's client is a "victim" in the general sense of the word, she is still not entitled to restitution from Jason Tutty. She is not entitled

13

to restitution pursuant to § 2259 because restitution is only awarded for losses suffered by the victim as a proximate result of the offense. *See Doe*, 488 F.3d at 1159-1160; *Dancer*, 270 F.3d 455; *Julian*, 242 F.3d at 1257; and *Lancey*, 189 F.3d at 965; and *Crandon*, 173 F3d at 126.

If Lawyer Marsh's client claims she is a "victim" under § 3663A, she is still not entitled to restitution from Mr. Tutty because § 3663A(a)(2) defines "victim" as a "person directly and proximately harmed" by the offense.

A proximate result is one which succeeds naturally in the ordinary course of things. Proximately means directly or immediately. *See*, *e.g.*, Black's Law Dictionary (Revised 4th Edition 1968). In the case before the Court, Mr. Tutty's offense is receiving child pornography in 2008. Assume, for the purpose of this argument only, that Mr. Tutty received an image of Lawyer Marsh's client in 2008; no loss occurs from this offense. "Proximate result" refers to something that succeeds – occurs after – the offense. In the case before the Court there is no showing that any loss occurred directly or immediately and naturally because of the offense.

AO 72A
(Rev. 8/82)

## CONCLUSION

The Court should not issue an order of restitution for the following reasons:

A.  The government has not made a request for restitution or complied with the procedural requirement of 18 U.S.C. § 3664; or

B.  The government has not established the amount of the loss pursuant to 18 U.S.C. § 3664(e); or

C.  There is no authority in the Second Circuit or any District Court for restitution to be ordered against an end user receiving child pornography; or

D.  There is no proof Mr. Tutty received images of Lawyer Marsh's client; or

E.  None of the "loss" suffered by Lawyer Marsh's client was the proximate result of Mr. Tutty's offense; or

F.  Lawyer Marsh's letter is unreliable because it has inaccurate citations to cases; or

G.  The letter from Lawyer Marsh does not establish any loss that is the proximate result of Mr. Tutty's offense; or

H.  The issues related to sentencing are too complicated to be handled in a criminal sentencing and would be best resolved in a civil case.

Date: June 5, 2009
       Rochester, New York

        /s/Robert G. Smith
Robert G. Smith
Assistant Federal Public Defender
28 E. Main Street, Suite 400
Rochester, New York 14614
(585)263-6201
Robert_Smith@fd.org
Attorney for Jason Tutty

Elizabeth J. Switzer
Of Counsel

Jay S. Ovsiovitch
Of Counsel

To:   Craig R. Gestring, AUSA
      David B. Spogen, USPO

16

AO 72A
(Rev. 8/82)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

           v.                                              **09-CR-6030(CJS)**

**JASON E. TUTTY,**

           **Defendant.**

---

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2009, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    1.      Craig R. Gestring, AUSA – craig.gestring@usdoj.gov

And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

    1.      David B. Spogen, USPO – 1110 Federal Bldg., Rochester, NY 14614

                                                    /s/Robert G. Smith
                                                    Federal Public Defender's Office
                                                    28 E. Main Street, Suite 400
                                                    Rochester, New York 14614
                                                    585-263-6201

AO 72A
(Rev. 8/82)