

09-2705-cr
US v. Tutty

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2009

Argued: June 14, 2010         Decided:  July 16, 2010

Docket No. 09-2705-cr

------------------------

UNITED STATES OF AMERICA,

                Appellee,

        v.

JASON E. TUTTY,

                Defendant-Appellant.

------------------------

Before:   CALABRESI, POOLER, and CHIN, Circuit Judges.

      Appeal challenging reasonableness of sentence imposed following plea of guilty to one count of receiving child pornography.

      VACATED and REMANDED.

                    JAY S. OVSIOVITCH (Robert G. Smith,
                         Assistant Federal Public Defender
                         for the Western District of New
                         York, on the brief), Rochester, New
                         York, for Defendant-Appellant.

                    JOSEPH J. KARASZEWSKI, Assistant United
                       States Attorney (William J. Hochul,
                       Jr., United States Attorney for the
                       Western District of New York, on

1            the brief), Buffalo, New York, <u>for</u>
2            <u>Appellee</u>.

3  CHIN, <u>Circuit Judge</u>:

4        Defendant-appellant Jason E. Tutty pleaded guilty to
5  one count of receiving child pornography in violation of 18
6  U.S.C. § 2252A(a)(2)(A).  He was sentenced by the United States
7  District Court for the Western District of New York (Siragusa,
8  <u>J</u>.) to 168 months' imprisonment.  On appeal, Tutty challenges the
9  substantive reasonableness of his sentence.  Upon review of the
10 record, we conclude that the district court erred when it held,
11 relying on outdated law, that it did not have the authority to
12 impose a non-Guideline sentence based on policy considerations
13 applicable to all defendants.  Moreover, as we recently
14 recognized in <u>United States v. Dorvee</u>, 604 F.3d 84 (2d Cir.
15 2010), the child pornography Guidelines present important policy
16 considerations, and unless they are "carefully applied," they
17 "can easily generate unreasonable results."  <u>Id.</u> at 98.  We
18 vacate the judgment and remand to the district court for
19 resentencing to correct the procedural error and to consider the
20 policy concerns addressed in <u>Dorvee</u>.
21                             <u>BACKGROUND</u>
22       In his plea, Tutty admitted that he had possessed

between 150 and 300 digital images of child pornography. Tutty had received and distributed these images over the internet using a file sharing program. Some of the images depicted minors under the age of twelve years; one image depicted a five-year-old girl being sodomized by an adult male. When Tutty was confronted by agents investigating his crimes, he was cooperative and remorseful. He has no prior criminal history, and there is no evidence that he has ever had sexual contact with a child.

At sentencing, the district court determined that Tutty's criminal history category was I and his base offense level was 22, for a Guideline range of 41 to 51 months' imprisonment. Multiple sentencing enhancements under U.S.S.G. § 2G2.2 applied to his crime, however, raising his total offense level substantially. The offense level was adjusted upwards:

- 2 levels for possession of images of children under the age of twelve;
- 2 levels for use of a computer;
- 5 levels for distribution other than for pecuniary gain;
- 3 levels for the number of images possessed; and
- 4 levels for possession of images that portrayed sadistic, masochistic, or violent material.

These five upward adjustments increased the offense level from 22 to 38. Tutty received a 3-level downward adjustment for acceptance of responsibility. After all the

```
 1   adjustments, Tutty's total offense level was 35, and his
 2   Guideline sentencing range was 168 to 210 months.
 3            At sentencing, Tutty argued for a downward departure.
 4   First, he argued that it was unfair to apply a full 4-level
 5   adjustment for possession of sadistic, masochistic, or violent
 6   material on the basis of a single image -- the image of the five-
 7   year-old being sodomized.  Tutty argued that there was no
 8   evidence that he had actually seen the image in question, and
 9   claimed that he did not remember whether he had seen it.  The
10   district court rejected this contention, finding the claim of
11   innocence non-credible:  "[I]f you didn't view it, you would
12   remember that you didn't view it . . . . The image . . . is so
13   inherently offensive that I can't imagine anyone forgetting
14   whether they viewed it or not."
15            Next, Tutty argued that his unique personal and family
16   characteristics merited a departure.  Analyzing the 18 U.S.C. §
17   3553(a) factors, however, the district court found that Tutty was
18   not unique among defendants with similar records who committed
19   similar conduct.  Instead, the district court concluded that
20   "many of the individuals [charged with child pornography
21   offenses] that stand before me share traits common to [Tutty's]."
22            Finally, Tutty made a policy argument, urging the
23   district court to consider the especially harsh nature of the
```

child pornography sentencing enhancements. The district court, however, was not convinced that it had the authority to depart based solely on these policy grounds. It cited United States v. Rattoballi, 452 F.3d 127, 133 (2d Cir. 2006), for the proposition that the Court of Appeals "will [] view as inherently suspect a non-Guidelines sentence that rests primarily upon factors that are not unique or personal to a particular defendant, but instead reflects attributes common to all defendants." Tutty's counsel did not object to the district court's reliance on Rattoballi or its refusal to consider a broad challenge to the child pornography Guidelines.

The district court sentenced Tutty to the bottom of the Guideline range: 168 months.

## DISCUSSION

On appeal, Tutty argues that his 168-month sentence is substantively unreasonable for two reasons: first, there was no proof that he actually viewed the image that was the basis for the 4-level enhancement for possessing sadistic imagery; second, any sentence within the Guideline range for offenses involving child pornography "must be considered suspect." In particular, after the decision in Dorvee, Tutty argues that a district judge must presume that the child pornography Guidelines are unduly harsh. In his brief on appeal, Tutty did not argue that the

district judge committed procedural error.

A.  Standard of Review

In reviewing sentences, we apply a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc); accord Dorvee, 604 F.3d at 90. We review for both procedural error and substantive reasonableness. Id. We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). We must also ensure that the sentence is substantively reasonable, "reversing only when the trial court's sentence 'cannot be located within the range of permissible decisions.'" Dorvee, 604 F.3d at 90 (quoting Cavera, 550 F.3d at 189). Where there is procedural error, we may remand to the district court for resentencing without proceeding to a substantive review of the original sentence, Cavera, 550 F.3d at 190, or, where circumstances warrant, we may review for both procedural error and substantive unreasonableness in the course of the same appeal. Dorvee, 604 F.3d at 90.

Although Tutty does not challenge the procedural reasonableness of his sentence, we have the power to consider

1    this error <u>nostra sponte</u> in the interest of justice. <u>See</u>, e.g.,

2    <u>Hormel v. Helvering</u>, 312 U.S. 552, 557 (1941) (courts of review

3    may consider unraised issues when justice so requires); <u>Gill v.</u>

4    <u>INS</u>, 420 F.3d 82, 88 (2d Cir. 2005) (court of appeals has power

5    to consider unraised issues); <u>Lambert v. Genesee Hosp.</u>, 10 F.3d

6    46, 56 (2d Cir. 1993) (same). As Tutty's counsel did not object

7    below to the district court's reliance on <u>Rattoballi</u> or its

8    refusal to consider a broader challenge to the child pornography

9    Guidelines, we review in this respect for plain error. <u>See</u> Fed.

10   R. Crim. P. 52(b); <u>Dorvee</u>, 604 F.3d at 90.

11   B.  <u>Analysis</u>

12        The district court committed procedural error when it

13   concluded that it could not consider a broad, policy-based

14   challenge to the child pornography Guidelines. Instead, the

15   district court essentially held that it could deviate from the

16   sentencing range called for by U.S.S.G. § 2G2.2 only if Tutty had

17   demonstrated unique personal factors that would distinguish him

18   from other defendants who had committed the same crime. The

19   district court cited <u>Rattoballi</u>, stating that "a non-Guidelines

20   sentence that rests primarily upon factors that are not unique or

21   personal to a particular defendant" is "inherently suspect."

22   This was error, as this Court had previously recognized in <u>Cavera</u>

23   that <u>Rattoballi</u> had been abrogated in this respect by <u>Kimbrough</u>

24   <u>v. United States</u>, 552 U.S. 85, 108 (2007). <u>See</u> <u>Cavera</u>, 550 F.3d

at 191. The decisions in <u>Cavera</u>, <u>Gall</u>, and <u>Kimbrough</u> made clear that a district court <u>may</u> depart from the Guidelines based solely on a policy disagreement, even where the disagreement applies to a wide class of offenders or offenses. All of these cases had been decided before the district court sentenced Tutty. Hence, there was procedural error.

Moreover, the error was plain. It affected Tutty's substantial rights, as it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Marcus</u>, 130 S. Ct. 2159, 2164 (2010). Particularly, in the context of a sentence under the child pornography Guidelines, a district court's apparent misunderstanding of its authority to give a non-Guidelines sentence is an error of significant consequence. <u>Cf.</u> <u>Dorvee</u>, 604 F.3d at 98.[1]

As for substantive review, we do not reach the question whether the sentence imposed by the district court is substantively unreasonable. We believe the better course is to

---

[1] We conclude, however, that the district court did not err when it held that the 4-level enhancement for possession of sadistic, masochistic, or violent material applies to Tutty. Tutty characterizes this error as a substantive one; we view it as procedural because it goes to the <u>applicability</u> of the Guidelines enhancement. In any case, the fact that Tutty qualified for the increase on the basis of only a single image does not render the enhancement inapplicable, though the district court may choose to consider this fact in its analysis under 18 U.S.C. § 3553(a).

- 8 -

remand for the district court to "exercise its discretion anew." <u>Cavera</u>, 550 F.3d at 190. We do note that the district court will now have the benefit of our decision in <u>Dorvee</u>.

In <u>Dorvee</u>, we held that a sentence of 240 months for a defendant who possessed 600 or more images of child pornography was substantively unreasonable. There, unlike here, the defendant attempted to have contact with a child, as he sent images of child pornography to and agreed to meet someone he believed to be a 14-year old boy (who turned out to be an undercover police officer). 604 F.3d at 87-88. The <u>Dorvee</u> Court raised a number of concerns about the child pornography Guidelines that may very well be relevant here.

First, the Court in <u>Dorvee</u> suggested that the child pornography Guidelines may not be entitled to the usual deference because they were developed not on "an empirical approach based on data about past sentenc[es]," but were "Congressionally directed." 640 F.3d at 95. <u>See</u> United States Sentencing Commission, <u>The History of the Child Pornography Guidelines</u>, Oct. 2009, <u>available at</u> http://www.ussc.gov/general/20091030_ History_Child_ Pornography_Guidelines.pdf (last visited Jul. 6, 2010). The Sentencing Commission did not use the empirical approach to formulate the child pornography Guidelines, and instead Congress repeatedly mandated amendments to U.S.S.G. § 2G2.2, progressively increasing the penalties. <u>See</u> <u>Dorvee</u>, 604

F.3d at 95.

Second, the child pornography Guidelines provide for a series of enhancements that apply in virtually every case, resulting in Guideline ranges that usually are near or above the statutory maximum, "even in run-of-the-mill cases." 604 F.3d at 96. For instance, three of the five enhancements that applied to Tutty here also apply to the overwhelming majority of offenders: 94.8% of offenders received an enhancement for images of victims under the age of twelve; 97.2% of offenders received an enhancement for use of a computer; and 96.6% of offenders received an enhancement based on the number of images possessed. See United States Sentencing Commission, Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2009, available at http://www.ussc.gov/gl_freq/09_glinexgline.pdf (last visited Jul. 6, 2010). The computer enhancement, for instance, has the flavor of impermissible "double counting" -- because it effectively "increase[s] a defendant's sentence to reflect the kind of harm that has already been fully accounted for" by the base offense level or other enhancements. United States v. Volpe, 224 F.3d 72, 76 (2d Cir. 2000) (citation omitted).

Third, as the panel in Dorvee pointed out, "the Guidelines result[] in virtually no distinction between the sentences for [an ordinary first-time offender], and the sentences for the most dangerous offenders who, for example,

- 10 -

distribute child pornography for pecuniary gain."  Id. at 96. Here, Tutty is a 37-year-old first-time offender with no history of violence and the strong support of his family and friends.  He downloaded some 299 images from the internet, and there is no hint that he ever had any sexual contact with a child or intended or sought to do so.  Yet, the Guidelines prescribed for him a sentencing range (168 to 210 months) that is higher than the range would be for a hypothetical adult who seeks out a 12-year-old child on the internet, convinces the child to cross state lines for a meeting, and then engages in repeated sex with the child (151 to 188 months).  Id. at 97 n.10 (citing 18 U.S.C. § 2422(b) (transportation for illegal sexual activity) and U.S.S.G. § 2G1.3).

On remand, and after hearing from the parties, the district court should take note of these policy considerations, which do apply to a wide class of defendants or offenses, and bear in mind that the "eccentric" child pornography Guidelines, with their "highly unusual provenance," "can easily generate unreasonable results" if they are not "carefully applied." Dorvee, 604 F.3d at 98.

## CONCLUSION

The sentence of the district court is VACATED and the case is REMANDED for resentencing. This panel will retain jurisdiction over any subsequent appeal; either party may notify the Clerk of a renewed appeal within fourteen days of the district court's decision. See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994).