UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | 09-CR-6030(CJS) |
| v. | SUPPLEMENTAL SENTENCING STATEMENT |
| JASON E. TUTTY, | |
| **Defendant.** | |

ROBERT G. SMITH, Assistant Federal Public Defender for the Western District of New York, affirms as follows:

1. I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent the defendant, Jason E. Tutty.

2. This Supplemental Sentencing Statement is made in anticipation of Mr. Tutty's resentencing currently scheduled for October 6, 2010, at 9:15 A.M. This Statement is in addition to the Statement with Respect to the PSR and Request for a Non Guideline Sentence that was filed on June 2, 2009, in connection with his first sentencing.

## PROCEDURAL HISTORY

3. Jason E. Tutty pled guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Following his guilty plea, a Presentence Investigation Report (PSR) was ordered and prepared. The PSR used U.S.S.G.

2G2.2 to prepare Mr. Tutty's advisory guideline range. The defense accepted the PSR. At sentencing, the district court determined that Mr. Tutty's Criminal History Category was I. The Court determined Mr. Tutty's base offense level, pursuant to U.S.S.G. § 2G2.2, is as follows:

| | |
|---|---|
| Base offense level | 22 |
| Possession of images under the age of 12 | 2 |
| Use of the computer | 2 |
| Distribution for other than pecuniary gain | 5 |
| Number of images | 3 |
| Possession of images that portrayed sadistic, masochistic or violent material | 4 |
| Total | 38 |
| Acceptance of responsibility | -3 |
| Final offense level | 35 |

4.  After the aforementioned adjustments Mr. Tutty's total offense level was 35. With a Criminal History Category I, this established an advisory guideline range of 168 to 210 months of imprisonment. Mr. Tutty was sentenced to 168 months of imprisonment and he appealed.

5.  On appeal Mr. Tutty challenged his sentence. Subsequent to sentencing and Mr. Tutty filing his appellate brief, the Second Circuit decided *United States v. Dorvee*, 604 F.3d 84 (2d Cir. 2010).[1] The Second Circuit vacated Mr. Tutty's judgment and remanded for resentencing in light of *Dorvee*. *See United States v. Tutty*,

---

[1] Counsel refers to the original *Dorvee* decision because that is the decision that is mentioned in the opinion in *United States v. Tutty*. Later in the Sentencing Statement counsel will address to the amended decision in *Dorvee*.

612 F.3d 128, 129 (2d Cir. 2010).  Mr. Tutty files this Supplemental Sentencing Statement to be used in addition to his original pleading at his resentencing.

### U.S.S.G. § 2G2.2 IS NOT ENTITLED TO DEFERENCE

6. Since Mr. Tutty's original sentence in 2009, the Second Circuit "suggested that the child pornography guidelines may not be entitled to the usual deference because they were developed not on an 'an empirical approach based on data about past sentences,' but were 'congressionally directed'." *See United States v. Dorvee*, __ F.3d __ (2d Cir. 2010) (the amended decision cites numerous sources establishing that Congress evinced a "blatant" disregard for the Sentencing Commission and noting opposition by the Commission to the child pornography guidelines mandated by Congress).  As a result of the mandated guidelines, the panel in *Dorvee* concluded that unless the child pornography are "applied with great care, [they] can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *Dorvee*, 604 at 95.

7. The panel in *Dorvee* went on to note that the child pornography guidelines provide for a series of enhancement that apply in virtually every case, resulting in guideline ranges that usually are near or above the statutory maximum. "[E]ven in run-of-the-mill cases." *Id.* at 96.  The result is "virtually no distinction between the sentence for ordinary first-time offenders, and the sentences for the most

3

dangerous offenders who, for example, distribute child pornography for pecuniary gain." *Tutty*, 612 F.3d at 132 (quoting *Dorvee*, 604 F.3d at 96).

8.   The Circuit in *Tutty*, after reviewing *Dorvee*, noted that "three of the five enhancements that applied to *Tutty* here also applied to the overwhelming majority of offenders." *See Tutty*, 612 F.3d at 132. The panel in *Tutty* made specific reference to the following enhancements:

| Specific Offense Characteristic | Levels |
|---|---|
| Images of victims under the age of 12 | 2 |
| Use of a computer, and | 2 |
| Number of images possessed | 3 |
| Total | 7 |

*See id*.

### RESENTENCING FOR JASON TUTTY

9.   The Court's first obligation on sentencing is to establish a guideline range. In Mr. Tutty's case, the Court should follow the Second Circuit's directive that Guideline § 2G2.2 is not entitled to deference and "control" for the aforementioned seven levels by subtracting the seven level enhancement from Mr. Tutty's total offense level of 35. Thus, the Court should find Mr. Tutty's total offense level is Level 28 which, with a Criminal History Category I, establishes a guideline range of 78 to 97 months of imprisonment. The Court is allowed to "control" for the three above-mentioned enhancements because these enhancements

4

apply in approximately 95% of the cases and the child pornography guidelines are not entitled to the usual deference. *Dorvee*, 604 F.3d at 95.

10.	Once the Court has arrived at an advisory guideline range, suggested as 78-97 months, the Court is required to apply the 18 U.S.C. § 3553(a) factors in deciding on an appropriate sentence. The parsimony clause requires the court to impose the lower of two sentences when the court concludes that either sentence would properly serve the purpose of § 3553(a). *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006).

11.	The Court should consider that Mr. Tutty is a 38 year old first time offender with no history of violence and the strong support of his family and friends. Mr. Tutty downloaded some 299 images from the internet and there is no hint that he ever had any sexual contact with a child or intended or sought to do so. *See Tutty*, 612 F.3d at 132. Mr. Tutty is not a dangerous man and a review of the federal investigation by the Department of Homeland Security shows that they did not think Mr. Tutty was dangerous either. The Department of Homeland Security became aware of Mr. Tutty in April 2005, and it was not until three years later that agents went to his last known address on East Avenue in Rochester, New York. When the agents found that Mr. Tutty was not home, they did not wait for him to call them that day, nor did they come back to his apartment the next day or even the next week. The agents waited seven months before returning to Mr. Tutty's apartment

which was still located on East Avenue in Rochester, New York. When the agents encountered Mr. Tutty, he was cooperative and remorseful as he has been ever since the day of his arrest. *See* Doc. Item 23, Defense Statement Regarding the PSR and Request for a Non-Guideline Sentence.

## CONCLUSION

12.     The Court should sentence Jason Tutty to 60 months of imprisonment based on the § 3553(a) factors, specifically the nature and circumstances of the offense, the history and characteristics of Jason Tutty. In addition, the Court should consider the finding by the Second Circuit that Mr. Tutty is a 38 year old first offender with no history of violence with strong support of his family and friends and no hint that he ever had sexual contact with a child or intended or sought to do so. *See Tutty*, 612 F.3d at 132-133.

Dated:      September 13, 2010
            Rochester, New York

                                             /s/Robert G. Smith
                                            Robert G. Smith
                                            Assistant Federal Public Defender
                                            28 E. Main Street, Suite 400
                                            Rochester, New York 14614
                                            (585)263-6201
                                            Robert_Smith@fd.org
                                            Attorney for Jason Tutty

To:    Craig R. Gestring, AUSA
       David B. Spogen, USPO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.                                                  09-CR-6030(CJS)

JASON E. TUTTY,

        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.     Craig R. Gestring, AUSA – craig.gestring@usdoj.gov

And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

1.     David B. Spogen, USPO – 1110 Federal Bldg., Rochester, NY 14614

                                               /s/Robert G. Smith
                                          Federal Public Defender's Office
                                          28 E. Main Street, Suite 400
                                          Rochester, New York 14614
                                          585-263-6201