**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

    v.

**JASON E. TUTTY,**

     **Defendant.**

**09-CR-6030(CJS)**

**DEFENDANT'S REPLY TO THE GOVERNMENT'S MEMORANDUM IN SUPPORT OF THE APPLICATION OF GUIDELINES**

  Defendant Jason Tutty's case has been remanded back to this Court for resentencing following the Court of Appeals' decision to vacate the sentence imposed by this Court on June 17, 2009.  *See United States v. Tutty*, 612 F.3d 128 (2d Cir. 2010).  On September 13, 2010, Mr. Tutty filed a supplemental sentencing statement requesting that the Court impose a 60 months sentence of imprisonment based on the factors set forth in 18 U.S.C. § 3553(a) (Docket Item 37).  The government has subsequently filed a "Memorandum in Support of the Application of Guidelines" (Docket Item 40).  Mr. Tutty now files this reply to the government's memorandum, requesting that the Court disregard the government's pleadings because . . .

## BACKGROUND

  Mr. Tutty was charged in a criminal complaint with both receiving and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) & 2252(a)(5)(B).  He entered into an agreement with the government, waived indictment and pled guilty to receiving child pornography in violation of § 2252A(a)(2)(A).  The District Court sentenced Mr. Tutty to 168 months imprisonment.  Mr. Tutty timely filed his notice of appeal in order to appeal the reasonableness of his sentence.

Upon reviewing Mr. Tutty's claim, the Second Circuit panel concluded that the sentence was procedurally unreasonable. 612 F.3d at 131. The panel did not reach the question as to whether the sentence was substantively unreasonable, concluding that "the better course is to remand for the [D]istrict [C]ourt to 'exercise its discretion anew.'" *Id*. at 132. The panel also noted that the District Court will have the benefit of the Second Circuit's decision in *United States v. Dorvee*, 604 F.3d 84 (2d Cir. 2010), *amended*, 616 F.3d 174 (2d Cir. 2010). In *Dorvee*, the panel concluded that the defendant's 240 month's guidelines sentence for distribution of child pornography was substantively unreasonable based on several factors, including the sentencing court's assumption that the defendant was likely to actually sexually assault a child, the District Court's cursory explanation of its deterrence rationale ignored § 3553(a)'s parsimony clause, the District Court's conclusion that the statutory maximum sentence would probably be upheld on appeal, and the fact that the Guideline under which the defendant was sentenced is "fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." 616 F.3d at 183-184.

In the opinion filed by the panel in Mr. Tutty's case, the panel addressed several concerns raised in *Dorvee* that are relevant on resentencing. First, that the child pornography Guidelines under which Mr. Tutty was sentenced "may not be entitled to the usual deference because they were developed no on 'an empirical approach based on data about past sentences,' but were 'Congressionally directed.'" 612 F.3d at 132 (citing *Dorvee*, 604 F.3d at 95; *see also Dorvee*, 616 F.3d at 184-186). Also, that "the child pornography Guidelines provide for a series of enhancements that apply in virtually every case, resulting in Guideline ranges that usually are

2

near or above the statutory maximum, even in run-of-the-mill cases." *Id*. (citing *Dorvee*, 604 F.3d at 96; *see also Dorvee*, 616 F.3d at 186-187). The panel also noted that the "Guidelines result in virtually no distinction between the sentences for an ordinary first-time offender, and the sentence for the most dangerous offenders who, for example, distribute child pornography for pecuniary gain. *Id*. at 132-133 (citing *Dorvee*, 604 F.3d at 96; *see also Dorvee*, 616 F.3d at 186-187). The panel in *Dorvee* went so far as to note that U.S.S.G. § 2G2.2 can result in "irrationality." 616 F.3d at 187.

**The Court Should Reject the Government's Request to Impose a Guidelines Sentence**

The government responded to Mr. Tutty's request for a non-Guidelines sentence by implicitly arguing that the Court should reject Second Circuit precedent and arguing that the Court reject the panel's mandate in this case (*see* docket Item 40). This Court is required to follow Second Circuit precedent, and to follow the Court of Appeals' mandate in this case. *See generally Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (discussing the mandate rule); *United States v. Carpenter*, 320 F.3d 334, 340-341 (2d Cir. 20030 (same). The Second Circuit mandate requires this Court, "[o]n remand, and after hearing from the parties, . . . take note of these policy considerations, which do apply to a wide class of defendants or offenses, and bear in mind that the 'eccentric' child pornography Guidelines, with their 'highly unusual provenance,' 'can easily generate unreasonable results' if they are not 'carefully applied.'" *Tutty*, 612 F.3d at 133. As such, the panel in Mr. Tutty's case is directing this Court to follow *Dorvee* during resentencing.

3

**The Sentencing Guidelines are Not *per se* Reasonable,**
**and Are Subject to an Empirical Challenge**

The government begins its pleading by arguing that the Guidelines under U.S.S.G. § 2G2.2 are reasonable (Docket Item 40, at 2-16). The Second Circuit has failed to impose any *per se* rules regarding the reasonableness of the Federal Sentencing Guidelines. *See United States v. Fernandez*, 443 F.3d 19, 27-28 (2d Cir. 2006); *United States v. Fairclough*, 439 F.3d 76, 80 (2d Cir. 2006); *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir. 2005). Rather, a sentencing court is required to make an individual sentencing determination based on the factors set forth in 18 U.S.C. § 3553(a).

As part of its argument, the government avers that it is not for the courts to consider whether there is a an empirical basis for a sentencing guideline.[1] Such consideration is required. In determining whether sentencing courts were obligated to follow the 100 to 1 crack/powder ratio set forth in the Guidelines prior to the 2008 amendments to U.S.S.G. § 2D1.1, the Supreme Court criticized the crack cocaine Guidelines because they did "not exemplify the Commission's exercise of its characteristic institutional role." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007). In reaching this conclusion, the Court criticized the Sentencing Commission, noting that it "looked to the mandatory minimum sentences set in the [Anti-Drug Abuse Act of 1986], and did not take account of 'empirical data and national experience.'" *Id*. (quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring)). Again, the Supreme

---

[1] It should be noted that, in other Courts, the government has conceded that *Kimbrough v. United States,* 552 U.S. 85 (2007), "does afford a sentencing court discretion to vary from the guidelines when they do not reflect 'empirical data and national experience.'" *United States v. Huffstatler*, 571 F.3d 620, 623 (7th Cir. 2009).

Court determined that it was appropriate for the courts to consider whether there was an empirical basis for a sentencing guideline.

Given the Supreme Court's guidance in *Kimbrough*, it should come as no surprise that appellate courts would look to whether there is an empirical basis for a particular guideline. In *Dorvee*, the Second Circuit was merely following the Supreme Court's line of reasoning when it held that, "deference to the Guidelines is not absolute or even controlling . . . the weight of such a judgment in a particular case will depend upon the thoroughness evidence in [the Sentencing Commission's] consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Dorvee*, 616 F.3d at 188 (quoting *Skimore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). Other appellate courts have also recognized that it is valid to examine whether there is an empirical basis for a sentencing guideline. *See United States v. Brewer*, No. 09-3909, ___ F.3d ___, 2010 WL 4117368 (8th Cir. Oct. 21, 2010) (relying on *Dorvee* for the proposition that, the "lack of an empirical approach to the creation of guidelines for crack cocaine counsels against according controlling, or even significant, weight to the guidelines"); *United States v. Reyes-Hernandez*, Nos. 09-1249, 09-1551, ___ F.3d ___, 2010 WL 3911336, at * 12 (7th Cir. Oct. 7, 2010) (concluding that the Sentencing Commission clearly acted outside its characteristic institutional role in creating U.S.S.G. § 5K3.1, and noting that *Kimbrough* "instructs sentencing courts to give less deference to guidelines that are not the product of the Commission acting in 'its characteristic institutional role,' in which it typically implements guidelines only after taking into account "empirical data and national experience."); *United States v. Arrelucea-Zamudio*, 581

5

F.3d 142, 155 & n.12 (3d Cir. 2009) (concluding that the Sentencing Commission implemented Guideline authorizing departure for "fast track" programs in illegal reentry cases at congressional direction and not based on empirical data and national experience).

In this case, the appellate panel directed this Court to consider the nature of how the child pornography Guidelines were developed when resentencing Mr. Tutty. The Panel noted that this Court will have the benefit of *Dorvee*, which had not been decided when Mr. Tutty was originally sentenced. *See* 612 F.3d at 132. In noting the significance of *Dorvee*, the panel pointed out that "*Dorvee* suggested that the child pornography Guidelines may not be entitled to the usual deference because they were developed not on 'an empirical approach based on data about past sentences,' but were 'Congressionally directed.'" *Id*. Thus, the panel in Mr. Tutty's case is informing this Court that it *can* take into account the fact that the child pornography Guidelines are not based on empirical data. The Court will commit procedural error if it adopts the government's argument and categorically rejects an empirical challenge to the Guideline. *See Tutty*, 612 F.3d at 131; *United States v. Bonilla*, 618 F.3d 102, 110 (2d Cir. 2010).

Accordingly, the Court should reject the government's argument that Guidelines under U.S.S.G. § 2G2.2 are reasonable, and that the Court should not consider an empirical challenge to the child pornography Guidelines.

AO 72A
(Rev. 8/82)

**Mr. Tutty Has Not Argued That the District Court Should Disregard the Guidelines**

The government misrepresents Mr. Tutty's argument when it avers that Mr. Tutty requests that this Court should "disregard" the enhancements under § 2G2.2 (Docket Item 40, at 14). Under 18 U.S.C. § 3553(a)(4), the sentencing court is required to consider te applicable sentence as set forth in the Guidelines. That is, the Court must determine the correct sentencing Guidelines range. *See Gall v. United States*, 552 U.S. 38, 49 (2007) (noting that, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"). When imposing an individualized sentence, Mr. Tutty has requested that the Court take into account that, "the child pornography Guidelines provide for a series of enhancements that apply in virtually every case," and to impose a non-Guidelines sentence. *See Tutty*, 612 F.3d at 132; *Dorvee*, 616 F.3d at 186.

The panel in Mr. Tutty's case made the following observation about the sentence enhancements that were applied when calculating his Guidelines sentence: three of the five enhancements that applied to [Mr.] Tutty here also apply to the overwhelming majority of offenders: 94.8% of offenders received an enhancement for images of victims under the age of twelve; 97.2% of offenders received an enhancement for use of a computer; and 96.6% of offenders received an enhancement based on the number of images possessed. 612 F.3d at 132 (citation omitted). The panel even suggested that the "computer enhancement . . . has the flavor of impermissible 'double counting'-because it effectively 'increase[s] a defendant's sentence to reflect the kind of harm that has already been fully accounted for' by the base offense level or other enhancements. *Id*. (quoting *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir.2000)).

7

Relying on *Dorvee*, the panel went on to explain that "the Guidelines result in virtually no distinction between the sentences for an ordinary first-time offender, and the sentences for the most dangerous offenders who, for example, distribute child pornography for pecuniary gain." *Id*. (quoting *Dorvee*, 616 F.3d at 174).  The panel continued: "[h]ere, [Mr.] Tutty is a 37-year-old first-time offender with no history of violence and the strong support of his family and friends. He downloaded some 299 images from the internet, and there is no hint that he ever had any sexual contact with a child or intended or sought to do so. Yet, the Guidelines prescribed for him a sentencing range (168 to 210 months) that is higher than the range would be for a hypothetical adult who seeks out a 12-year-old child on the internet, convinces the child to cross state lines for a meeting, and then engages in repeated sex with the child (151 to 188 months).  *Id*. at 132-133 (citations omitted).

The government rejects the Second Circuit's concerns that the enhancements under § 2G2.2 apply in nearly all of the cases involving child pornography (*see* Docket Item 40, at 19-22).  In raising its concerns, the appellate panel was pointing out that the application of enhancements to the vast majority of the defendants sentenced under § 2G2.2 fails to distinguish the most serious offenses compared to the heartland of cases.  To follow the government's reasoning would result in the reimposition of a mandatory Sentencing Guidelines regime that the Supreme Court rejected in *United States v. Booker*, 543 U.S. 220 (2005).  Further, by recommending that the Court not look at Mr. Tutty's history and characteristics, the government is advising the Court to disregard 18 U.S.C. § 3553(a)(1) ("in determining the particular sentence

8

to be imposed, [the sentencing court] shall consider – (1) the nature and circumstances of the offense and the history and characteristics of the defendant").

The panel in Mr. Tutty's case recognized certain facts that are relevant to this Court when imposing sentence: "[h]ere, [Mr.] Tutty is a [38]-year-old first-time offender with no history of violence and the strong support of his family and friends.  He downloaded some 299 images from the internet, and there is no hint that he ever had any sexual contact with a child or intended or sought to do so."  612 F.3d at 132-133.  These facts should be taken into consideration when determining whether a sentence should be imposed using an "eccentric" Guideline that can produce "unreasonable results."

Accordingly, the Court should impose a non-Guidelines sentence below the advisory Guidelines range.

**A 60-month Sentence Would Not Result in Unwanted Sentencing Disparity**

The government also claims that to sentence Mr. Tutty to 60 months would result in an unwarranted sentencing disparity between Mr. Tutty and other unnamed defendants.  The government's argument fails because a number of courts have upheld just such sentences.  *See United States v. Grober*, Nos. 09-13318, ___ F.3d ___ 2010 WL 4188237 (3d Cir. 2010) (affirming a district court's sentence of 60 months despite an advisory guideline range of 235 to 293 months of imprisonment); *United States v. Mood*, 2010 WL 300060 (E.D. Mich. 2010) (sentence of one day and five years of supervised release on child pornography is sufficient but not greater than

9

necessary to satisfy the purposes of sentencing); *United States v. Smith*, 2010 WL 3910321 (E.D. Wisc. 2010) (a below guideline sentence of 60 months is sufficient to satisfy the purposes of sentencing despite the advisory guideline range be 78 to 97 months of imprisonment). Thus, a 60 month sentence would not establish unwarranted sentencing disparity.

## CONCLUSION

The Court should disregard the government's memorandum in support of the application of the Guidelines. The government is directing the Court to disregard the Second Circuit's mandate and to ignore Circuit precedent by slavishly adhere to the Federal Sentencing Guidelines. By asking the Court to ignore the Second Circuit's decision in *Dorvee*, the government is leading the Court down the slippery slope toward both procedural and substantive error.

Accordingly, and as set forth in Mr. Tutty's supplemental sentencing statement, the Court should sentence Mr. Tutty to 60 months imprisonment.

Dated: November 17, 2010
       Rochester, New York

 /s/ Robert G. Smith
ROBERT G. SMITH
Assistant Federal Public Defender
28 East Main Street, Suite 400
First Federal Plaza
Rochester, NY 14614

Jay Ovsiovitch
Of Counsel

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

        v.                                      09-CR-6030(CJS)

**JASON E. TUTTY,**

        **Defendant.**

---

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.    Craig R. Gestring, AUSA – craig.gestring@usdoj.gov

And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

1.    David B. Spogen, USPO – 1110 Federal Bldg., Rochester, NY 14614

                                              /s/Diane Pomponio
                                              Federal Public Defender's Office
                                              28 E. Main Street, Suite 400
                                              Rochester, New York 14614
                                              585-263-6201

AO 72A
(Rev. 8/82)